# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BETTY SANDERS, individually and on behalf all others similarly situated,**

    **Plaintiff,**

v.

**FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,**

    **Defendant.**

Civil Action No. __2:20-cv-142-KS-M__TP

**JURY DEMANDED**

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, Betty Sanders ("Sanders" or "Plaintiff"), individually and on behalf of all others similarly situated, and states and alleges the following for her Complaint against Foremost Insurance Company Grand Rapids, Michigan (hereinafter "Foremost"):

### PARTIES, RESIDENCY, JURISDICTION AND VENUE

1. Plaintiff Sanders is a citizen and resident of Monticello, Mississippi. At all times relevant hereto, Sanders owned the dwelling and other structures located at 842 Mary Street in Lawrence County, Mississippi (the "Insured Premises").

2. Defendant Foremost is organized under the laws of the State of Michigan and headquartered in Caledonia, Michigan. Foremost is authorized to sell property insurance policies in the states of Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin, and is engaged in the insurance business in those same states, including issuing insurance policies covering property in Lawrence County.

3. The events giving rise to Plaintiff Sanders' individual claims that are the subject of this action occurred in the Eastern Division of the Southern District of Mississippi.

4. On information and belief, this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

5. This Court has personal jurisdiction over Foremost because it has availed itself of the privilege of conducting business and issuing insurance contracts covering structures in the State of Mississippi.

## FACTS

### A. The Property Insurance Policy and Casualty Loss

6. Foremost is a national insurer that provides property coverage for, *inter alia*, homes, mobile homes and buildings.

7. Foremost sells its property insurance policies in, *inter alia*, the states of Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin.

8. The Foremost property insurance forms sold in Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin are materially identical as it relates to the contractual dispute set forth herein.

9. The laws in the States of Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin are materially identical as it relates to the contractual dispute set forth herein, or at the least, any differences would be manageable in the class context. *See Steinberg v. Nationwide Mutual Insurance Co.*, 224 F.R.D. 67, 76 (E.D.N.Y. 2004) (involving a 46-state putative class claiming breach of standard form insurance contracts). Specifically, these states are all "replacement cost less depreciation" states

for purposes of determining actual cash value under property insurance policies, or preclude the depreciation of labor by state administrative agency. Like Mississippi, the laws in these same jurisdictions preclude the withholding of labor as depreciation under policy forms that do not define ACV to allow the same.

10. Sanders was insured pursuant to an insurance contract whereby Foremost agreed to insure, *inter alia,* Sanders' property located on the Insured Premises against property damage, bearing Policy No. 381-0069487465-06 (the "Sanders Policy").

11. The Sanders Policy provided insurance coverage for direct physical loss to the dwelling and other structures located on the Insured Premises, except as specifically excluded or limited by the Sanders Policy.

12. This lawsuit only concerns property insurance coverage for buildings, and *not* personal contents, such as clothes and furniture.

13. Pursuant to the Sanders Policy, Sanders paid Foremost premiums in exchange for insurance coverage. The required premiums were paid at all times relevant to this Complaint.

14. On or about August 1, 2018, Sanders' dwelling located on the Insured Premises suffered direct physical loss caused by covered named peril(s) (the "Loss").

15. The Sanders Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

16. Sanders promptly notified Foremost of the Loss and made a claim against the Sanders Policy.

17. After its inspection, Foremost determined that the Loss was covered by the terms of the Sanders Policy.

18. Foremost calculated its actual cash value ("ACV") payment obligation to Sanders by first estimating the cost to repair or replace the damage with new materials (replacement cost value, or "RCV"), then subtracted depreciation.

19. The Sanders Policy, and the other property forms at issue in this pleading, do not permit the withholding or deduction of labor as depreciation as described below. Certain policies of insurance expressly allow for the depreciation of "labor" as described herein. This type of form or endorsement will be referred to herein as a "labor depreciation permissive form." The Sanders Policy does not contain a labor depreciation permissive form.

**B. Foremost's Calculation of Sanders' ACV Payment**

20. In adjusting Sanders' claim, Foremost affirmatively and unilaterally chose to use a "replacement cost less depreciation" methodology to calculate the loss and make its ACV payment.

21. Foremost used commercially-available computer software to make its RCV, depreciation, and ACV calculations. The software used to calculate the payment to the Plaintiff is called Xactimate®.

22. On or about October 30, 2018, Foremost calculated the RCV of Sanders' damaged property at $48,168.87.

23. Foremost then used the same software to calculate the depreciation for Sanders' damaged property at $6,607.86.

24. Sanders was underpaid on her ACV claim as more fully described below.

**C. Foremost's Practice Of Withholding Labor As Depreciation**

25. When it calculated Sanders' ACV benefits owed under the Sanders Policy, Foremost withheld costs for both materials and the labor required to repair or replace Sanders'

4

home as depreciation, even though labor does not depreciate in value over time. Foremost withheld labor costs throughout its ACV calculations as depreciation. Foremost also withheld labor costs as depreciation for other work necessary to repair and replace Sanders' property.

26.     Like all property insurance claims estimating software, the specific commercial claims estimating software used by Foremost allows for the depreciation of materials only or the depreciation of both material and labor in its depreciation setting preferences.

27.     In this pleading, whenever reference is made to withholding "labor" as depreciation, "labor" means intangible non-materials, specifically including both the labor costs and the laborers' equipment costs and contractors/laborers' overhead and profit necessary to restore property to its condition immediately prior to the loss, as well as removal costs to remove damaged property, under commercial claims estimating software.

28.     Foremost's withholding of labor costs as depreciation associated with the repair or replacement of Sanders' property resulted in Sanders receiving payment for her losses in an amount less than she was entitled to receive under the Sanders Policy. Foremost breached its obligations under the Sanders Policy by improperly withholding the cost of labor as depreciation.

29.     Plaintiff herself cannot determine the precise amount of labor that has been withheld based only upon the written estimate provided. To determine the precise amount of labor withheld, it is necessary to have access to the commercial property estimating program at issue, as well as the electronic file associated with her estimate.

30.     While an insurer may lawfully depreciate material costs when calculating the amount of an ACV payment owed to an insured, it may not lawfully withhold repair labor as depreciation under Foremost's policy forms at issue in Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin. Foremost's

failure to pay the full cost of the labor necessary to return Sanders back to her pre-loss condition left Sanders under-indemnified and underpaid for her loss.

31. Foremost materially breached its duty to indemnify Sanders by withholding labor costs associated with repairing or replacing Sanders' property in its ACV payment as depreciation, thereby paying Sanders less than she was entitled to receive under the terms of the Sanders Policy.

## AMOUNT IN CONTROVERSY

32. Upon information and belief, the amount in controversy with respect to the proposed class exceeds $5,000,000, exclusive of interest and costs.

## CLASS ACTION ALLEGATIONS

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of herself and on behalf of all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. Only to the extent it is a requirement under applicable law, the proposed class herein is ascertainable.

34. The proposed class that Plaintiff seeks to represent is tentatively defined as follows:

> All Foremost policyholders (or their lawful assignees) who made: (1) a structural damage claim for property located in the States of Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin; and (2) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law and arguments of counsel.
>
> In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within Xactimate® software or

6

> similar depreciation option settings in competing commercial software programs.
>
> The class excludes any claims for which the applicable limits of insurance have been exhausted by initial actual cash value payments.
>
> The class also excludes any claims arising under labor depreciation permissive policy forms, *i.e.*, those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form, unless the use of those forms violate the law of the respective states at issue.

35. Plaintiff reserves the right to amend the definition of the proposed class through discovery. The following persons are expressly excluded from the class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; and (3) the Court to which this case is assigned and its staff.

36. Plaintiff and members of the putative class as defined all have Article III standing as all such persons and entities, at least initially, received lower claim payments than permitted under the policy. Certain amounts initially withheld as labor may be later repaid to some policyholders with replacement cost provisions in their policies, if any. However, policyholders who have been subsequently repaid for initially withheld labor still have incurred damages, at the least, in the form of the lost "time value" of money during the period of withholding, *i.e.*, statutory prejudgment interest on the amounts improperly withheld, for the time period of withholding.

37. The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people geographically dispersed across Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin have been damaged by Foremost's actions. The names and addresses of the members of the proposed class are readily identifiable through records maintained by Foremost or from information readily available to Foremost.

38. The relatively small amounts of damage suffered by most members of the proposed class make filing separate lawsuits by individual members economically impracticable.

39. Foremost has acted on grounds generally applicable to the proposed class in that Foremost has routinely withheld labor costs as described herein in its adjustment of property damage claims under its policies of insurance. It is reasonable to expect that Foremost will continue to withhold labor to reduce the amount it pays to its insureds under these policies absent this lawsuit.

40. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether Foremost's policy language allows it to withhold labor costs in its calculation of ACV payments;

   b. Whether Foremost's policy language is ambiguous;

   c. Whether Foremost's withholding of labor costs in its calculation of ACV payments breaches the insurance policies;

   d. Whether Foremost has a custom and practice of withholding labor costs in its calculation of ACV payments;

   e. Whether Plaintiff and members of the proposed class have been damaged as a result of Foremost's withholding of labor costs in its calculation of ACV payments; and

   f. Whether Plaintiff and members of the proposed class are entitled to a declaration, as well as potential supplemental relief, under the Declaratory Judgment Act.

41. Plaintiff's claim is typical of the claims of the proposed class members, as they are all similarly affected by Foremost's custom and practice concerning the withholding of labor. Further, Plaintiff's claims are typical of the claims of the proposed class members because her claims arose from the same practices and course of conduct that give rise to the claims of the members of the proposed class and are based on the same factual and legal theories. Plaintiff is

8

not different in any material respect from any other member of the proposed class. Further, Plaintiff and the putative class members in this lawsuit do not challenge the valuations made by Foremost's adjusters in calculating ACV payments, rather, they challenge Foremost's decision to withhold certain non-material costs, as those costs were determined by Foremost itself, as depreciation.

42. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interest does not conflict with the interests of the proposed class she seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action and insurance litigation. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the members of the proposed class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class while recognizing the risks associated with litigation. Plaintiff reserves the right to have unnamed class members join her in seeking to be a class representative.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed members of the proposed class in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the

expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

44. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

45. Questions of law or fact common to Plaintiff and members of the proposed class, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amount due to many individual members of the proposed class is likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Foremost's unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

46. Class certification is further warranted because Foremost has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

47. Plaintiff may seek, in the alternative, certification of issues classes.

48. Rule 23(c)(4) provides that an action may be brought or maintained as a class action with respect to particular issues when doing so would materially advance the litigation as a whole.

## COUNT I
## BREACH OF CONTRACT

49. Plaintiff restates and incorporates by reference all preceding allegations.

50. Foremost entered into policies of insurance with Plaintiff Sanders and members of the proposed class. These insurance policies govern the relationship between Foremost and Sanders, and members of the proposed class, as well as the manner in which claims for covered losses are handled.

51. The policies of insurance between Foremost, Sanders and the other members of the proposed class are binding contracts under Arizona, Connecticut, Illinois, Louisiana, Mississippi, Ohio, Rhode Island, South Carolina, Utah, Vermont and Wisconsin law, supported by valid consideration in the form of premium payments in exchange for insurance coverage.

52. Foremost drafted the insurance policies at issue, which are essentially identical in all respects material to this litigation concerning the withholding of labor as depreciation.

53. In order to receive ACV claim payments, Sanders and the putative class members complied with all material provisions and performed all of their respective duties with regard to their insurance policy.

54. Foremost breached its contractual duty to pay Sanders and members of the proposed class the ACV of their claims by unlawfully withholding labor costs as described herein.

55. Foremost's actions in breaching its contractual obligations to Sanders and members of the proposed class benefitted and continue to benefit Foremost. Likewise, Foremost's actions damaged and continue to damage Plaintiff and members of the proposed class.

56. Foremost's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and members of the proposed class.

57. In light of the foregoing, Plaintiff and members of the proposed class are entitled to recover damages sufficient to make them whole for all amounts Foremost unlawfully withheld from their ACV payments, including prejudgment interest as may be allowed by law.

## COUNT II
## DECLARATORY JUDGMENT AND RELIEF

58. Plaintiff restates and incorporates by reference all preceding allegations.

59. This Court is empowered by the Declaratory Judgment Act as codified at 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to declare the rights and legal relations of parties regardless of whether further relief is or could be claimed.

60. A party may seek to have insurance contracts, before or after a breach, construed to obtain a declaration of rights, status, and other legal relations thereunder adjudicated.

61. Sanders and members of the proposed class have all complied with all relevant conditions precedent in their contracts.

62. Plaintiff seeks, individually and on behalf of the proposed class, a declaration that Foremost's property insurance contracts prohibit the withholding of labor costs as described herein when adjusting losses under the methodology employed herein.

63. Plaintiff further seeks, individually and on behalf of the proposed class, any and all other relief available under the law arising out of a favorable declaration.

64. Plaintiff and members of the proposed class have suffered injuries.

## JURY DEMAND

65. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that this Court:

1. Enter an order certifying this action as a class action, appointing Plaintiff as the representative of the class, and appointing Plaintiff's attorneys as counsel for the class;

2. Enter a declaratory judgment, declaring that Foremost's withholding of labor costs as depreciation is contrary to and breaches the insurance policy issued to Sanders and members of the class;

3. Enter a declaration, and any preliminary and permanent injunction and equitable relief against Foremost and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the policies, practices, customs, and usages complained of herein, as may be allowed by law;

4. Enter an order that Foremost specifically perform and carry out policies, practices, and programs that remediate and eradicate the effects of its past and present practices complained of herein;

5. Award compensatory damages for all sums withheld as labor costs under the policy, plus prejudgment interest on all such sums, to Plaintiff and members of the proposed class;

8. Award costs, expenses, and disbursements incurred herein by Plaintiff and members of the proposed class as may be allowed by law, including but not limited to amounts available under the common fund doctrine;

9. Pre- and Post-Judgment interest; and

10. Grant such further and additional relief as the Court deems necessary and proper.

Respectfully submitted,

McWHERTER SCOTT BOBBITT PLC

By: _/s/ J. Brandon McWherter_____
J. BRANDON McWHERTER (MS Bar #105244)
341 Cool Springs Blvd, Suite 230
Franklin, TN  37067
(615) 354-1144
brandon@msb.law

ERIK D. PETERSON (KY Bar #93003)
(to be admitted *pro hac vice*)
MEHR, FAIRBANKS & PETERSON
 TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
(859) 225-3731
edp@austinmehr.com

T. JOSEPH SNODGRASS (MN Bar 231071)
LARSON KING, LLP
(to be admitted *pro hac vice*)
30 7th Street E., Suite 800
St. Paul, MN 55101
T: 651-312.6510
jsnodgrass@larsonking.com

*Attorneys for Plaintiff and
Putative Class Representative*

1973023

14